1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | GREGORY A. OTT, State Bar No. 160803
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5964
Fax: (415) 703-1234
8 | Email: Gregory.Ott@doj.ca.gov

9 | Attorneys for Respondent

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN JOSE DIVISION

14

15 | **DENNIS RAY BARNETT,**                    C 08-1604 RMW (PR)

16 |                          Petitioner,       **MOTION TO DISMISS
PETITION FOR WRIT OF
HABEAS CORPUS AS
UNTIMELY**

17 |        v.

   | **MIKE KNOWLES, Warden,**

18

19 |                          Respondent.

20

21 |                    **INTRODUCTION**

22 |        California state prisoner Dennis Ray Barnett ("petitioner") has filed a petition for writ of

23 | habeas corpus in this Court pursuant to 28 U.S.C. §§ 2241 & 2254(d). Respondent hereby moves

24 | this Court for an order dismissing the petition on the ground that it is untimely. *See* 28 U.S.C. §

25 | 2444(d)(1). Respondent has not noticed this motion for hearing as petitioner is in custody and not

26 | represented by counsel.

27 |                    **PROCEDURAL HISTORY**

28 |        On June 5, 2000, following a bench trial in San Francisco County Superior Court,

1    petitioner was convicted of second degree robbery and assault with a deadly weapon, with an

2    enhancement on both counts for weapon use, and seven "strike" prior convictions, four prior serious

3    felony convictions, and three prior prison terms. Exh. A at 1; *see* Cal. Penal Code §§ 211, 212.5(c),

4    245(a)(1), 667(a), 667.5(b), 1170.12, 12022(b)(1). After striking the weapon-use enhancements and

5    one of the prior prison term allegations, the court sentenced petitioner to forty-five years to life in

6    prison. Exh. A at 1-2.

7        On December 6, 2002, the California Court of Appeal affirmed petitioner's judgment in

8    an unpublished decision. Exh. A. The California Supreme Court denied review on February 11,

9    2003. Exh. B.

10        On March 14, 2006, petitioner filed a petition for writ of habeas corpus in Santa Clara

11    County Superior Court. Exh. C That court denied the petition on April 11, 2006.[1/]

12        On June 27, 2006, petitioner filed a petition for writ of habeas corpus in the California

13    Court of Appeal. Exh. D. That court denied the petition on July 18, 2006. Exh. D.

14        On September 25, 2006, petitioner filed a petition for writ of habeas corpus in the

15    California Supreme Court. Exh. E. That court denied the petition as untimely on April 11, 2007.

16    Exh. E.

17        On or after March 2, 2008 (signature date), petitioner constructively filed the instant

18    petition for writ of habeas corpus by delivering it to prison authorities for mailing to this Court; the

19    petition was filed in fact on March 24, 2008.

20    ///

21    ///

22

23

---

24    1. In its denial, the court notes that petitioner had "filed *another* petition for a writ of habeas corpus." Exh. C, Order at 1 (emphasis added). In fact, between 2000 and 2002—before the finality of his conviction—petitioner filed at least *nine* habeas petitions and other pro se motions in Santa Clara County Superior Court. Because those petitions and motions were filed before the limitations period commenced, we do not chronicle or document them here. Also, because they were consecutive filings in the same court, petitioner is not entitled to "gap" or continuous tolling between them and his 2006 filing in that same court, *see* Exh. C. *See Carey v. Saffold*, 536 U.S. 214, 223 (2002); *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003); *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001); *Rowe v. LeMaster*, 225 F.3d 1173, 1174-75 (10th Cir. 2000).

1

**ARGUMENT**

2      The petition was filed beyond the one-year statute of limitations. It must be dismissed.

3      Petitioner's 28 U.S.C. § 2254 petition is governed by the Antiterrorism and Effective

4 Death Penalty Act of 1996, which imposes a one-year statute of limitations on the filing of federal

5 habeas petitions. 28 U.S.C. § 2244(d)(1). Here, the limitations period commenced against petitioner

6 on May 12, 2003, ninety days after the California Supreme Court denied direct review, when the

7 time for filing a petition for writ of certiorari expired. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59

8 (9th Cir. 1999); Exh. B. The limitations period expired a year later, on May 12, 2004, almost two

9 years before petitioner initiated any action to challenge his conviction. *See* 28 U.S.C. § 2244(d)(1).

10      Although petitioner eventually challenged his conviction by filing a series of state habeas

11 petitions commencing in 2006, such filings did not toll the statute of limitations period, 28 U.S.C.

12 § 2244(d)(2), as it had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.

13 2003). Petitioner's California Supreme Court petition could not have tolled the statute of limitations

14 for the additional reason that it was denied as untimely and therefore not "properly filed" for

15 purposes of 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Thorson v.*

16 *Palmer*, 479 F.3d 643, 644-45 (9th Cir. 2007); *Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir.

17 2005), *amended* 439 F.3d 993 (9th Cir.), *cert. denied*, 127 S. Ct. 132 (2006); Exh. E (citing *In re*

18 *Robbins*, 18 Cal. 4th 770, 780 (1998)).

19      Thus, petitioner filed the instant petition 1,037 days after the finality of his state court

20 judgment, or 671 days after the statute of limitations period expired. The petition accordingly must

21 be dismissed with prejudice as untimely. *See* 28 U.S.C. § 2244(d)(1).

22 ///

23 ///

24 ///

25

26

27

28

Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely

*Barnett v. Knowles, Warden*
No. C 08-1604 RMW (PR)

3

1

**CONCLUSION**

2      Accordingly, for the reasons stated, respondent respectfully requests that the petition for

3   writ of habeas corpus be dismissed with prejudice as untimely.

4      Dated:  September 4, 2008

5                          Respectfully submitted,

6                          EDMUND G. BROWN JR.
                           Attorney General of the State of California

7                          DANE R. GILLETTE
                           Chief Assistant Attorney General

8
                           GERALD A. ENGLER
9                          Senior Assistant Attorney General

                           PEGGY S. RUFFRA
10                         Supervising Deputy Attorney General

11

12                         /s/ Gregory A. Ott
                           GREGORY A. OTT
13                         Deputy Attorney General
                           Attorneys for Respondent

14

15   20137353.wpd
16   SF2008401718

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely          *Barnett v. Knowles, Warden*
                                                                          No. C 08-1604 RMW (PR)

4

# EXHIBIT A

**COPY**

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

    v.

DENNIS RAY BARNETT,

    Defendant and Appellant.

H022333
(Santa Clara County
Super. Ct. No. 199321)



DOCKETED
SAN FRANCISCO
DEC 0 9 2002
By _____ D. VELASCO
No. SF2001DA-0125

After a court trial, appellant Dennis Ray Barnett was found guilty of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)), and assault with a deadly weapon (Pen. Code, § 245, subd. (a)(10)).  The court found true the allegations that appellant had personally used a deadly or dangerous weapon in the commission of the robbery (Pen Code, §§ 1203, subd. (e)(2), 12022, subd. (b)(1)), and the assault (Pen. Code, §§ 1203, subd. (e)(2), 1192.7, subd. (c)).  Also, the court found true the allegations that appellant had seven qualifying prior convictions or "strikes" within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12); four prior serious felony convictions (Pen. Code, § 667, subd. (a)); and had served three prior prison terms (Pen Code, § 667.5 subd. (b)).

The court struck the weapon-use finding and one of the prior prison term allegations in the furtherance of justice (Pen. Code, § 1385, subd. (a)); stayed execution of sentence on the two remaining prison term allegations (Pen. Code, § 654); and sentenced appellant to 25 years to life for the robbery conviction and 25 years to life for

the assault with a deadly weapon conviction to be served concurrently; plus four consecutive terms of five years for the prior felony conviction enhancements, for a total term of 45 years to life.

The incident giving rise to the charges of robbery and assault occurred in 1997. After his arrest, appellant spent over a year in custody awaiting trial until October 1998. At that time, the court ordered that criminal proceedings be suspended pending a determination of appellant's mental competence. (Pen. Code, § 1368.) On March 7, 2000, after appellant had been committed to Atascadero State Hospital and then transferred to Patton State Hospital, the Medical Director of Patton State Hospital, having determined that appellant had regained competence, filed a certificate of restoration to competence. On March 22, 2000, the parties waived jury trial on competence and submitted the issue for decision by the court based on the treatment team's report. The court found that appellant was competent to stand trial and reinstated criminal proceedings.

The parties waived a jury trial and a court trial began on May 30, 2000. During trial appellant testified in his own defense. Shortly after direct examination began, the court interrupted appellant and stated that even though appellant was represented by counsel, the court wanted to advise appellant that he had the right to remain silent and to not subject himself to cross-examination by the prosecution. Appellant stated that he understood this right, that he had had an opportunity to discuss the matter with his counsel and that nevertheless he wished to testify.

Appellant proceeded to incriminate himself by testifying that he participated in a transaction involving the sale of illegal drugs to the victim of the assault several hours prior to the robbery and assault. The court interrupted appellant, and after defense counsel conferred with his client, and a bench conference, the court struck appellant's incriminatory testimony. No other witnesses were called by the defense.

On appeal, appellant contends that the trial court erred in not holding a new competency hearing because appellant's irrational testimony at trial presented substantial new evidence of incompetence compelling further proceedings under Penal Code section 1368. We do not agree. However, for reasons stated below we modify the judgment to stay execution of the sentence for the assault with a deadly weapon conviction pursuant to Penal Code section 654.

*Discussion*

*I. Failure to Hold a Competency Hearing*

Fundamental to our criminal justice system is the principle that no one can be tried or adjudged to punishment while mentally incompetent. (Pen. Code, § 1367, subd. (a); *People v. Samuel* (1981) 29 Cal.3d 489, 494; *Drope v. Missouri* (1975) 420 U.S. 162, 171-172.) In this state, the term "mentally incompetent" means that "as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." (Pen. Code, § 1367, subd. (a).)

If "a doubt arises in the mind of the judge as to the mental competence of the defendant" at any time prior to judgment, the court is required to conduct a hearing pursuant to Penal Code section 1368 to determine the defendant's competence. (Pen. Code, § 1368; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1110.) "As a matter of due process, the trial court is required to conduct a [Penal Code] section 1368 hearing to determine a defendant's competency whenever substantial evidence of incompetence has been introduced. [Citations.] Substantial evidence is evidence that raises a reasonable doubt about the defendant's competence to stand trial. [Citations.]" (*People v. Frye* (1998) 18 Cal.4th 894, 951-952.) "Under the applicable substantial evidence test, 'more is required than mere bizarre actions [citation] or bizarre statements [citation] or statements of defense counsel that defendant is incapable of cooperating in his defense [citation] or psychiatric testimony that defendant is immature, dangerous, psychopathic,

3

or homicidal or such diagnosis with little reference to defendant's ability to assist in his own defense. [Citation.]" (*People v. Davis* (1995) 10 Cal.4th 463, 527.) "[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required [and] . . . even one of these factors standing alone may, in some circumstances, be sufficient. There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." (*Drope v. Missouri, supra*, 420 U.S. 162, 180.)

"When, as here, a competency hearing has already been held and the defendant was found to be competent to stand trial, a trial court is not required to conduct a second competency hearing unless 'it "is presented with a substantial change of circumstances or with new evidence" ' that gives rise to a 'serious doubt' about the validity of the competency finding. [Citation.]" (*People v. Marshall* (1997) 15 Cal.4th 1, 33.)

We review the background of this issue with these principles in mind.

On June 19, 1997, Richard Goff, a Kmart security guard, detained appellant, after Mr. Goff had observed him leave the store without paying for a pair of shoes. As Mr. Goff tapped appellant on the shoulder outside the store, he identified himself as a store security guard. Subsequently, appellant started "backpedaling quickly" and Mr. Goff "moved in" to restrain him. Appellant started throwing punches. Mr. Goff wrestled appellant to the ground, placed him in a headlock and instructed him to put his hands behind his back. During the struggle Mr. Goff was cut on his face and sustained injuries to the left side of his chest. A small red key-chain with a small folding knife was found on the ground where the struggle occurred.

Mr. Goff escorted appellant back inside to the store security office. Appellant repeatedly stated that Goff had not identified himself as a store security guard, but

pleaded with him to release him, stating that he had just been released from jail, that this would be his third strike and that he would be going back to jail for a long time.

A search of appellant's backpack revealed several tools, two pairs of sunglasses, a pair of scissors, and some batteries that appeared to have been stolen from Kmart, and other items that appeared to have been stolen from other stores.

On September 26, 1997, an information was filed charging appellant with second degree robbery and assault with a deadly weapon. Prior to trial, proceedings were conducted to determine appellant's mental competence to stand trial pursuant to Penal Code section 1368, et seq. Five months later, a six-day jury trial to determine appellant's competence to stand trial resulted in a hung jury and the court declared a mistrial. Thereafter, the court found appellant incompetent to stand trial after the parties submitted the matter to the court on the basis of a third doctor's report. On May 19, 1999, the court ordered appellant to attend the Trial Competency Program while housed at Atascadero State Hospital.

Appellant was returned to court 10 months later. At a restoration hearing held on March 22, 2000, the court found him restored to competency based on the report of the Medical Director of Patton State Hospital where appellant had been transferred on July 20, 1999. The report indicated that appellant's psychiatric diagnosis was "Schizoaffective Disorder, Depressed Type." Further, it stated that the medical staff had met appellant on February 18, 2000, for an "expedited review" after appellant's request for an evaluation. The medical staff noted that appellant remembered court-related material that he had forgotten at his last staff meeting less than a month earlier on January 21, 2000. The court reinstated criminal proceedings. After appellant waived a jury trial, a court trial commenced on May 30, 2000.

Appellant testified in his own defense. He stated that about 5:00 p.m. on June 19, 1997, he had gone to Kmart specifically to see Mr. Goff. Earlier the same day, at about 1:00 p.m. he had seen Mr. Goff at an apartment complex where appellant's brother used

to live. Appellant did not recognize Mr. Goff immediately and he did not think that Mr. Goff recognized him. Appellant claimed that he originally met Mr. Goff in 1994 because "[h]e used to hang around with [his] brother."

Mr. Goff approached appellant and asked if he knew who Mike Barnett was. Appellant told him that Mike Barnett was his brother but he no longer lived at the apartment complex. Appellant stated that Mr. Goff said he wanted to buy some cocaine from Mike Barnett. Appellant told him that he would be willing to sell him some cocaine instead. Appellant then sold Mr. Goff $10 worth of cocaine.

At this point, the court interrupted appellant, stating: "All right. Sir, let me just indicate this to you. First of all, I'm going to strike that answer. You have a right not to testify, as I indicated before. You also have a right not to offer testimony that may tend to incriminate you. By saying that you participated in a transaction involving the sale of illegal drugs, you may be incriminating yourself and making yourself subject to prosecution for additional charges you're not now facing. So you do have a right to not offer that testimony. I'm striking it at this point so that it's not a part of the record."

Defense counsel asked to approach the bench. After an unreported discussion between appellant and defense counsel, and an unreported bench conference, defense counsel stated that appellant did not wish to testify further, and asked the court to strike all of appellant's testimony thus far. The court proceeded so to do and the defense rested without calling other witnesses.

Appellant asserts that the trial court was presented with substantial evidence that should have triggered further inquiry into appellant's mental competence, both during the trial and in the pro per pleadings filed prior to the imposition of sentence. Appellant argues that the testimony that he sold cocaine to Mr. Goff "can only be characterized as bizarre, and should have raised a doubt in the trial court's mind" concerning appellant's competence to stand trial. We note that after trial, but before sentencing, appellant filed a pro per pleading requesting that the court sentence him to death by legal injection

because he was facing a sentence of 45 years to life. Later he submitted copies of letters he had addressed to United States Supreme Court Justice William Rehnquist and then-California Supreme Court Associate Justice Stanley Mosk (whom he mistakenly referred to as the Chief Justice). In these letters he asserted his innocence. He filed several more pro per pleadings requesting a change of venue, requesting that two of his prior convictions be expunged and that the court strike his prior convictions on various grounds.

A probation officer interviewed appellant on August 2, 2000. He denied that he intended to steal any merchandise from Kmart, claiming that he had forgotten to take off the shoes after he had tried them on. Also, he denied that he had intentionally assaulted the store security guard. Instead he claimed that he had been grabbed and pulled from behind and that he had just turned around and started swinging. Appellant stated that he did not know that the man who grabbed him was a security guard because the man had not identified himself as such. He thought that the injuries Mr. Goff sustained were caused accidentally by the key-chain appellant was holding in his hand. Appellant indicated that he was taking psychotropic medication and had benefited from his time at Atascadero. He stated that he knew that he was going to prison for a long time.

"[A] reviewing court generally gives great deference to a trial court's decision whether to hold a competency hearing. As we have said: ' "An appellate court is in no position to appraise a defendant's conduct in the trial court as indicating insanity, a calculated attempt to feign insanity and delay the proceedings, or sheer temper." ' [Citations.]" (*People v. Marshall, supra*, 15 Cal.4th 1, 33.)

However, we exercise independent review on this issue and must determine whether, as a matter of law, the evidence before the court below "raised a substantial doubt as to defendant's mental competence." (*People v. Rodrigues, supra*, 8 Cal.4th at p.1112; *Drope v. Missouri, supra*, 420 U.S. 162, 174-175.) We find no evidence in the record before us that raises a substantial doubt as to defendant's ability to understand the

trial court proceedings or assist his counsel. While appellant's trial testimony may not have been credible it was not so inherently improbable as to call into question his competence to stand trial. Bizarre statements by the appellant are not enough; more is required to raise a doubt as to his competence to stand trial. (*People v. Marshall*, *supra*, 15 Cal.4th 1, 33.) Moreover, since appellant subsequently changed his mind about offering this testimony after consultation with defense counsel and the admonishment of the court, it is clear that he understood the ramifications of his conduct and rationally assisted counsel in the conduct of his defense.

As for appellant's oral statements, letters and pleadings between trial and sentencing while bizarre and in many ways naïve, they did demonstrate appellant's understanding of the nature of the criminal proceedings.

We conclude, therefore, that the lower court did not err in failing to order a competency hearing.

Because the record does not demonstrate a substantial doubt as to appellant's mental competence, we reject appellant's related claim that his counsel was ineffective in failing to raise a doubt as to his client's competence to stand trial.

## II. Penal Code Section 654[1]

Appellant contends that the trial court erred in failing to stay execution of sentence for the assault conviction pursuant to section 654. The Attorney General concedes the issue and we agree.

The trial court sentenced appellant to 25 years to life on the robbery conviction and then imposed a concurrent term of 25 years to life on the assault with a deadly weapon conviction. By its terms section 654[2] expressly prohibits multiple punishment

---

[1]    All further statutory references are to the Penal Code unless otherwise noted.
[2]    At the time of the offenses section 654 stated in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under

for a single criminal act. Section 654 also prohibits multiple punishments where the defendant commits more than one act in violation of different statutes when the acts comprise an indivisible course of conduct having a single intent and objective. "If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.) Where, as here, the assault conviction was based solely on the same conduct as that which elevated the petty theft to a robbery, a concurrent sentence is barred by section 654. (*People v. Brown* (1989) 212 Cal.App.3d 1409, 1426-1427, [section 654 barred separate sentences for robbery and assault, overruled on another point in *People v. Hayes* (1990) 52 Cal.3d 577, 628, fn. 10]; *People v. Medina* (1972) 26 Cal.App.3d 809, 823-824 [same]; *People v. Flowers* (1982) 132 Cal.App.3d 584, 588 [same].)[3]

Where a defendant has been found guilty of two offenses, "punishment for one of which is precluded by section 654, that section requires the sentence for one conviction to be imposed, and the other imposed and then stayed. [Citation]." (*People v. Deloza* (1998) 18 Cal.4th 585, 592.)

The Attorney General concedes the merit of appellant's contention and agrees that the appropriate remedy is to stay the concurrent term imposed for the assault with a deadly weapon conviction. We agree and will so order.

---

more than one . . . ." (Stats. 1977, ch.165, § 11.) Effective January 1, 1998, section 654 was amended to read: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (As amended by Stats. 1997, ch. 410, § 1.)
[3] Even though defendant did not object to the sentence below on section 654 grounds the issue is not waived for appeal. (*People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1311.)

*Disposition*

The judgment is modified to reflect that the concurrent sentence for assault with a deadly weapon conviction is stayed pursuant to Penal Code section 654. As modified the judgment is affirmed.

_____

Elia, J.

WE CONCUR:


_____

Premo, Acting P. J.



_____

Rushing, J.



*People v. Barnett*
H022333

# EXHIBIT B



Court of Appeal, Sixth Appellate District - No. H022333
**S112740**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

DENNIS RAY BARNETT, Defendant and Appellant.

Petition for review DENIED.

SUPREME COURT
**FILED**

FEB 1 1 2003

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE

Chief Justice

# EXHIBIT C



DENNIS R. BARNETT C-77539
CALIFORNIA MEDICAL FACILITY
P.O. BOX 2500 P-112-LOW
VACAVILLE, CA 95696-2500 **RECEIVED**

MAR 1 4 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA/County of Santa Clara

BY————————— DEPUTY

THE SUPERIOR COURT CLERK MS.KIRI

TORRE EXECUTIVE OFFICER

190 W.Hedding street

San Jose, Ca 95110

Date: **FEBRUARY 28, 2006**

Re: DENNIS BARNETT CASE No.199321

Dear COURT CLERK

   I would like to file th**is** Writs of Habeas corpus in the Superior Court I would like to have it court Stamp Filed on the Writs Please and forward it TO VACAVILLE, CALIFORNIA Please put a court stamp filed on the writs of habeas corpus and forward it.

   I have NO money and I am indigent Inmate cannot pay for the postage fully prepld I would like very much to send my writs back to me Please thank you for your help.

DENNIS BARNETT ("PETITIONER") REQUESTS That the COURT ENDORSED the FRONT PAGE OF the WRIT copy put a court STAMP Filed on the writ and ENDORSED and FORWARD IT WITH ENCLOSED SELF STAMP ENVELOPE I FILED previously With the court be mailed back to me Please forward my writs back to me thank you very much for your help.

I declare, under the penalty OF PERJURY, that the Foregoing is TRUE and Correct.

DENNIS BARNETT

Name DENNIS BARNETT C-77539

Address P.O. BOX 2500    P-104-Lower

CALIFORNIA MEDICAL FACILITY

VACAVILLE, CA 95696-2500

CDC or ID Number C-77539



(ENDORSED)
**FILED**
MAR 1 4 2006

KIRI TOPPS
_____ _____ ____
Superior _____ Ct. Co _____ _____ ____ Clara
_____ _____ DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## SANTA CLARA COUNTY

*(Court)*

| | |
|---|---|
| DENNIS RAY BARNETT<br>Petitioner<br><br>vs.<br><br>MARTIN VEAL, WARDEN<br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>No. **199321**<br>*(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six



**FILED**

APR 1 1 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| In re ) | No. 199321 |
| ) | |
| DENNIS BARNETT, ) | **ORDER** |
| ) | |
| _____ ) | |

    DENNIS BARNETT (hereinafter Petitioner) has filed another petition for a writ of habeas corpus. Petitioner contends in the present petition that he was denied effective assistance of trial counsel. Petitioner appears to allege his trial attorney was ineffective assistance based on several grounds: (1) failure to object to prejudicial evidence, (2) failure to obtain medical records, (3) failure to have petitioner examined by a psychiatrist, (4) failure to call witnesses, (5) failure to present evidence of defendant's mental state at the guilt phase, (6) failure to investigate the victim's background, (7) failure to strike hearsay testimony, (8) failure to raise petitioner's competency to stand trial, (9) failure to advise petitioner of the right to a separate jury trial on his priors, and (10) failure to turn over files and copies of pleas.

    Petitioner's showing and allegations are insufficient to justify relief. For an issue to be

1　EXHIBIT R

properly presented in the above petition there is the requirement that a full prima facie case for relief exist. For example, "A habeas corpus petition must be verified, and must state a 'prima facie case' for relief. That is, it must set forth specific facts which, if true, would require issuance of the writ. Any petition that does not meet these standards must be summarily denied ... ." (People v. Gonzalez (1990) 51 Cal.3d 1179, 1258.) In explaining just what is necessary for a prima facie case the California Supreme Court later stated:

> The petition should both (i) state fully and with particularity the facts on which relief is sought (People v. Karis (1988) 46 Cal.3d 612, 656; In re Swain (1949) 34 Cal.2d 300, 304,) as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations. (Harris, supra, 5 Cal.4th at p. 827, fn. 5; Clark, supra, 5 Cal.4th at p. 791, fn. 16.) "Conclusory allegations made without any explanation of the basis for the allegations do not warrant relief, let alone an evidentiary hearing." (Karis, supra, at p. 656.) We presume the regularity of proceedings that resulted in a final judgment (In re Bell (1942) 19 Cal.2d 488, 500), and, as stated above, the burden is on the petitioner to establish grounds for his [relief]. (People v. Gonzalez (1990) 51 Cal.3d 1179, 1260; In re Williams (1920) 183 Cal. 11, 14; In re McVickers (1946) 29 Cal.2d 264, 285 (conc. & dis. opn. of Spence, J.); In re Oxman (1950) 100 Cal.App.2d 148, 151.) (People v. Duvall (1995) 9 Cal.4th 464, 474.)

Quite simply put, a court is not required to, and this Court does not, accept as true every self-serving assertion made by a petitioner that is not corroborated.

Our high court has stated "a defendant's self-serving statement after [] conviction, and sentence [], is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence. A contrary holding would lead to an unchecked flow of easily fabricated claims." (In re Alvernaz (1992) 2 Cal.4th 924, 938. See also People v. Barella (1999) 20 Cal.4th 261, 272, in which the court rejects as insufficient "defendant's bare assertion," and Gonzalez, supra, 51 Cal.3d at p. 1260 in which the court holds: "The state may properly require that a defendant obtain some concrete information on his own before he invokes collateral remedies against a final judgment.")

In the present case, petitioner has failed to show that any of his assertions have any merit. Additionally, Petitioner's own attachments show that petitioner's assertions are false. For example, contrary to petitioner's allegations, the letter from his trial counsel indicates that he has given petitioner everything in his case file. Therefore, petitioner has not been denied the ability to properly present his claims with adequate support. The Court of Appeal furthermore already rejected

petitioner's claim that his counsel was ineffective for not raising the issue of petitioner's competence at trial where petitioner demonstrated at trial that he understood the nature of the criminal proceedings.

Accordingly, the Petition for a Writ of Habeas Corpus is DENIED. Petitioner's request for appointment of counsel is also DENIED.

DATED: _____10 Apr_____, 2006

_____
PAUL BERNAL
JUDGE OF THE SUPERIOR COURT

cc: Petitioner
    District Attorney
    Research

3

| | |
|---|---|
| **IN THE SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF SANTA CLARA** | **FILED** APR 1 1 2006 KIRI TORRE Chief Executive Officer/Clerk Superior Court of CA County of Santa Clara BY _____ DEPUTY |
| Plaintiff/Petitioner Dennis Barnett | |
| In re: People vs. Barnett | |
| **PROOF OF SERVICE OF: Order in re: Habeas Corpus** | Case Number: 199321 |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this cause and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at SAN JOSE, CALIFORNIA on **APR 1 1 2006** . I declare under penalty of perjury that the foregoing is true and correct.

DATED: **APR 1 1 2006**

Kiri Torre, Chief Executive Officer

BY: Catherine Guerra, Deputy Clerk

| | |
|---|---|
| Dennis Barnett C77539 California Medical Facility P.O. Box 2500 Vacaville, CA 95696-2500 | Research Attorney Criminal Division 190 W. Hedding Street San Jose, CA 95110 *Placed in Research Attorney pick up box at HOJ |
| | Office of the District Attorney 70 West Hedding Street San Jose, CA 95110 *Placed in District Attorney pick up box at HOJ |
| | CJIC |
| | |

Proof of service
Clerk's Certif    f S

# EXHIBIT D

# CALIFORNIA APPELLATE COURTS
### Case Information

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

## 6th Appellate District

Change court ▾

Court data last updated: 08/27/2008 04:05 PM

**Case Summary    Docket    Scheduled Actions    Briefs
Disposition    Parties and Attorneys    Trial Court**

## Docket (Register of Actions)

**Barnett on Habeas Corpus.**
**Case Number H030334**

| Date | Description | Notes |
|------|-------------|-------|
| 06/27/2006 | Petition for a writ of habeas corpus filed. | |
| 07/18/2006 | Case fully briefed. | |
| 07/18/2006 | Order denying petition filed. | The petition for writ of habeas corpus is denied (PBM, NM, RJM) |
| 07/18/2006 | Case complete. | |
| 09/19/2006 | Record purged - to be shipped to state records center. | |
| 09/25/2006 | Received copy of Supreme Court filing. | service copy of applnt pet w/ the supreme court |
| 10/13/2006 | Received copy of Supreme Court filing. | service copy of writ of hc on supreme court |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT E

# CALIFORNIA APPELLATE COURTS

## Case Information

| | |
|---|---|
| Supreme Court | **Supreme Court** |
| Welcome | Court data last updated: 08/27/2008 04:53 PM |

Change court ▼

**Case Summary   Docket   Briefs
Disposition   Parties and Attorneys   Lower Court**

Search

E-mail

## Docket (Register of Actions)

Calendar

**BARNETT(DENNIS RAY) ON H.C.**

Help

**Case Number S146804**

Opinions

C|C
home

| Date | Description | Notes |
|---|---|---|
| 09/25/2006 | Petition for writ of habeas corpus filed | Dennis Ray Barnett, petitioner in pro per |
| 10/03/2006 | Received: | Extra copy of writ plus letter dated September 23, 2006 and additional exhibits. |
| 03/26/2007 | Received: | Inmate Trust acount Statement |
| 04/11/2007 | Petition for writ of habeas corpus denied | (See In re Robbins (1998) 18 Cal.4th 770, 780.) George, C. J., was absent and did not participate. |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

S146804

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re DENNIS RAY BARNETT on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)

George, C. J., was absent and did not participate.

SUPREME COURT
FILED

APR 1 1 2007

Frederick K. Ohlrich Clerk

_____
Deputy

_____
Acting Chief Justice

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Barnett v. Knowles, Warden**

No.:    **C 08-1604 RMW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004.

On September 4, 2008, I served the attached **MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Dennis Ray Barnett
CDC&R No. C-77539
California Medical Facility
P.O. Box 2500
Vacaville, CA  94696-2500

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 4, 2008, at San Francisco, California.

|  |  |
| --- | --- |
| D. Desuyo | /s/       D. Desuyo |
| Declarant | Signature |

20139868.wpd