*E-FILED - 10/15/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS RAY BARNETT, | ) | No. C 08-1604 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO RECONSIDER APPOINTMENT OF |
| vs. | ) ) ) | COUNSEL; APPOINTING FEDERAL PUBLIC DEFENDER TO REPRESENT PETITIONER; |
| KNOWLES, Warden, | ) ) | DIRECTING APPOINTED COUNSEL TO FILE NOTICE OF APPEARANCE; |
| Respondent. | ) ) | SCHEDULING BRIEFING ON MOTION TO DISMISS |
| | ) ) | (Docket No. 11) |

    Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the petition, the court ordered respondent to show cause why the petition should not be granted based on petitioner's claim that he received ineffective assistance of counsel. Respondent has filed a motion to dismiss the petition as untimely. Petitioner has not yet responded to the motion, and has instead filed a motion for reconsideration of the court's previous denial of his request for appointment of counsel. The court GRANTS petitioner's request for appointment of counsel, and REFERS the case to the Federal Public Defender's Office for representation.

    The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(g) authorizes a district court to appoint counsel to

G:\PRO-SE\SJ.Rmw\HC.08\Barnett604appt.wpd

1  represent a habeas petitioner whenever "the court determines that the interests of justice
2  so require and such person is financially unable to obtain representation."  Unless the
3  circumstances of the particular case require appointment to afford due process of law,
4  only indigent petitioners qualify for court appointed counsel.  See Eskridge v. Rhay, 345
5  F.2d 778, 782 (9th Cir. 1965), cert. denied, 383 U.S. 996 (1966).

6       The decision to appoint counsel is generally discretionary.  See Chaney v. Lewis,
7  801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Bashor v.
8  Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).  However, the
9  court must appoint counsel where the complexities of the case are such that denial of
10 counsel would amount to a denial of due process, see Chaney, 801 F.2d at 1196; Brown v.
11 United States, 623 F.2d 54, 61 (9th Cir. 1980), and where the petitioner is a person of
12 such limited education as to be incapable of fairly presenting his claims, see Hawkins v.
13 Bennett, 423 F.2d 948 (8th Cir. 1970).

14       Here, petitioner states that he cannot read or write and that he suffers from mild
15 mental retardation.  In addition, petitioner attaches documentation substantiating these
16 allegations.  In light of the documentation indicating the extreme limitations on
17 petitioner's abilities, the court finds that he will be unable to effectively represent himself
18 in this case or, in particular, to develop any tolling or other arguments in response to the
19 motion to dismiss by respondent.  Accordingly, petitioner's request for reconsideration fo
20 the motion for appointment of counsel is GRANTED.

21       In a federal habeas action, counsel is appointed pursuant to 18 U.S.C. § 3006A,
22 which provides for funds to pay appointed counsel.  See United States v. Salemo, 81 F.3d
23 1453, 1459 & n.4 (9th Cir. 1996).  Accordingly, the court hereby APPOINTS the Federal
24 Public Defender's Office to represent petitioner pursuant to 18 U.S.C. § 3006A.  Within
25 30 days of the date this order is filed, the Federal Public Defender, or the attorney
26 designated by his or her office, shall file a notice of appearance in this matter on behalf of
27 petitioner.
28       The deadline for the opposition to respondent's motion to dismiss is hereby

G:\PRO-SE\SJ.Rmw\HC.08\Barnett604appt.wpd    2

1 extended to, and including, 60 days from the date appointed counsel makes an appearance
2 herein.  Respondent **shall** file a reply brief within 15 days of the date petitioner's
3 opposition is filed.
4     The clerk shall mail a copy of this order to the Federal Public Defender.
5     This order terminates docket no. 11.
6     IT IS SO ORDERED.
7 DATED: __10/10/08_____            *Ronald M. Whyte*
                                    _____
8                                   RONALD M. WHYTE
                                    United States District Judge

G:\PRO-SE\SJ.Rmw\HC.08\Barnett604appt.wpd    3