**E-FILED on**   3/31/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DENNIS RAY BARNETT,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN KNOWLES,<br><br>        Respondent. | No. C-08-01604 RMW<br><br>ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY<br><br>**[Re Docket No. 12]** |

      Petitioner Dennis Ray Barnett petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves for an order dismissing the petition as untimely. For the reasons set forth below, respondent's motion is granted, and a certificate of appealability will not be issued.

## I. BACKGROUND

      On June 5, 2000, petitioner was convicted of second degree robbery and assault with a deadly weapon. Pet. at 2. Petitioner's conviction became final on May 12, 2003, ninety days after the California Supreme Court denied review on direct appeal. Opp'n Resp.'s Mot. Dismiss ("Opp'n") at 15 n.2. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA")'s one-year statute of limitation, absent tolling, petitioner had until May 12, 2004 to file his federal habeas petition. 28 U.S.C. § 2244(d). Petitioner filed state habeas petitions at the state superior court, state court of

ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY—No. C-08-01604 RMW
CCL

appeal, and state supreme court on March 14, 2006, June 27, 2006, and September 25, 2006, respectively. Opp'n Exs. 16-18. His state supreme court habeas petition was denied as untimely on April 11, 2007. Opp'n Ex. 18. Petitioner filed his federal habeas petition on March 2, 2008.

Respondent seeks dismissal of this habeas petition as untimely, pointing out that the instant petition was filed 1,391 days (approximately 3.8 years) after the expiration of the one-year AEDPA statute of limitations. Though the AEDPA provides for statutory tolling during the time when a properly filed application for state collateral review is pending, 28 U.S.C. § 2244(d)(2), petitioner did not file any of his state habeas petitions until March 14, 2006, almost two years after the one-year AEDPA statute of limitations had already expired, Opp'n Ex. 16. Moreover, even if petitioner were granted statutory tolling for the entire time his state habeas petitions were pending, the instant petition would still have been filed 998 days (approximately 2.7 years) after the expiration of the one-year AEDPA statute of limitations.

Petitioner argues that the statute of limitations should be equitably tolled during this entire period because: (1) he suffers from mental illness and was involuntarily medicated for three years; (2) he is developmentally disabled and has difficulty comprehending legal principles without assistance; and (3) his access to legal resources and assistance was limited.

## II. ANALYSIS

Petitioner bears the burden of showing that equitable tolling should apply. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). "To receive equitable tolling, the petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). "The threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule. This high bar is necessary to effectuate the AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (internal quotations and citations omitted).

ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY—No. C-08-01604 RMW
CCL                                     2

Whether equitable tolling is appropriate is a "highly fact-dependent" determination. *Id.* After reviewing the voluminous record in this case, the court finds that petitioner has failed to establish that the statute of limitations should be equitably tolled for over two years.

### A.     Mental Illness

It is undisputed that petitioner has a history of mental health problems. The California Department of Corrections sought and received court orders authorizing the involuntary administration of psychotropic medication to treat petitioner for undifferentiated schizophrenia over the period from August 2001 to September 2004. Opp'n Exs. 47-48. During this time, petitioner was found to "lack[] the capacity to consent to medication because he is unable to understand the severity of his symptoms, claiming that he has no mental illness or need for treatment." *Id.*

The fact that petitioner suffered from mental illness provides a basis for equitable tolling only if the mental illness was the cause of petitioner's untimeliness, and the mental illness made it impossible for petitioner to file a petition on time. *See Ramirez v. Yates*, 571 F.3d at 997. Petitioner has not shown that his mental illness was the reason he missed the filing deadline, nor has he shown that his mental illness made it impossible for him to file a petition on time. The fact that petitioner was involuntarily medicated during the time period when he was required to file a habeas petition does not, by itself, establish grounds for equitable tolling. To the contrary, the evidence indicates that the psychotropic medication administered to petitioner improved his mental health and rendered him capable of seeking habeas relief in a timely manner. For example, though petitioner had originally been found incompetent to stand trial, he regained mental competence after treatment with psychotropic medication. Opp'n Ex. 5.

While petitioner was medicated, psychologists found that he was able to function as his own counsel and to discuss legal issues knowledgeably. *See* Reply Mot. Dismiss ("Reply") Ex. B at 7, 15, Ex. J at 1-3. Their evaluations of petitioner in October 2002 and September 2004 included the following comments:

> Inmate demonstrated cognitive deficits but is able to function well in the institution. He has functioned as his own counsel. He has recently filed legal papers and is able to talk about the issues with knowledge and accuracy. He does not get confused or disoriented. . . . Memory is O.K. Verbal communication is good. . . . Just filed legal brief, and he talks about it with detail and accuracy. Has represented himself. Reads

ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY—No. C-08-01604 RMW
CCL                        3

>law books. . . . Inmate knows the finer points of institutional rules and procedures. He was able to explain what is happening with his legal case as well as his classification problems.

Reply Ex. J at 1-3. "He has limited writing abilities but was able to recently file a complicated legal document. He could explain this document and the issue in detail." *Id.* Ex. B at 7. "Mr. Barnett is able to self-advocate as evidenced by submitting multiple 602s and legal documents." *Id.* Ex. B at 15. In light of these findings and the absence of any evidence that petitioner's mental health issues prevented him from being able to file a timely petition, the court finds that petitioner's mental illness does not provide a basis for equitable tolling.

### B. Cognitive Deficiencies

Petitioner has been diagnosed as mildly mentally retarded. Reply Ex. B at 7. He offers declarations from fellow prison inmates asserting that he was not capable of preparing a coherent legal pleading on his own and needed the assistance of others with even basic reading and spelling. *See* Opp'n Ex. 30 ¶¶ 4-7, Ex. 32 ¶¶ 3-9. However, when petitioner was evaluated to see if he qualified for assistance with self-advocacy and other needs under the California Department of Corrections and Rehabilitation's Developmental Disability Program ("DDP") in 2002 and 2004, both times psychologists determined that he did not qualify for assistance.[1] Reply Ex. B at 15, Ex. J at 1. Their evaluations note that petitioner was able to look up the spelling of words in the dictionary and had learned how to read and write, though he had limited writing abilities. *Id.* Ex. B at 7, Ex. J at 2. As mentioned above, the reports further concluded that petitioner was able to talk about legal issues "with detail and accuracy" and that he understood "the finer points of institutional rules and procedures." Reply Ex. J at 1-3.

Though it is undisputed that petitioner has a low IQ and is mildly mentally retarded, these cognitive deficiencies provide a basis for equitable tolling only if they actually prevented timely filing. *See Mendoza*, 449 F.3d at 1069 ("reject[ing] a per se rule that a petitioner's language

---

[1] Petitioner was found to require assistance with reading and writing when he was re-evaluated in 2008. Opp'n Exs. 33, 41. It is unclear whether petitioner was taking psychotropic medication for his mental illness at the time of his 2008 re-evaluation. Regardless, the court relies upon the earlier findings by clinicians that petitioner was able to read and write at a basic level while involuntarily medicated since these earlier findings took place during the relevant time period – when the federal habeas petition should have been filed.

ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY—No. C-08-01604 RMW
CCL                                        4

limitations can [always] justify equitable tolling"). Petitioner has not shown that his cognitive deficiencies caused him to miss the filing deadline, nor has he shown that they made it impossible for him to file a petition on time. *See Ramirez v. Yates*, 571 F.3d at 997.

As respondent points out, petitioner has filed numerous petitions seeking relief from the courts. Between September 2000 and March 2002, petitioner filed nine petitions in the Santa Clara County Superior Court. *See* Reply Ex. F. These petitions demonstrate that petitioner was able to understand and articulate legal claims. *Id.* On February 29, 2004 (during the one-year AEDPA period), petitioner also wrote to the Solano County Superior Court and the Santa Clara County Superior Court, seeking to toll the statute of limitations for his federal habeas claims. *See* Opp'n Ex. 13. These letters demonstrate his understanding that the AEDPA imposes a statute of limitations and the need to exhaust state remedies. *Id.* Certainly, the fact that petitioner asked a state court to issue a stay on a federal petition (that he had not yet filed) reflects his less than complete understanding of the complicated procedural aspects of the AEDPA. However, the Ninth Circuit has made clear that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Otherwise, the exception would swallow the rule, since many pro se petitioners lack a full understanding of the multitude of legal rules governing habeas petitions.

Petitioner's various filings, combined with the conclusions set forth in the clinical evaluations in 2002 and 2004, indicate that petitioner's cognitive deficiencies did not render it impossible for him to meet the filing deadline. Even if petitioner was only able to craft legal documents with some assistance from others, these filings demonstrate his ability to obtain the necessary assistance. Accordingly, the court finds that petitioner's cognitive deficiencies fail to provide a basis for equitable tolling. *See Mendoza*, 449 F.3d at 1070 (barring equitable relief where a petitioner with language barriers is able to obtain assistance from a translator).

**C.    Access to Law Library and to Assistance**

Petitioner claims that he was denied regular access to the law library in 2005 and 2006, as evidenced by his administrative appeals on this issue. Opp'n Exs. 39-40. However, he withdrew his 2005 appeal on his own accord, and the 2006 appeal resulted in the finding that petitioner had been

ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY—No. C-08-01604 RMW
CCL                                                5

granted access to the law library every time he had requested access. *Id.* Moreover, petitioner had until May 12, 2004 to file his federal habeas petition under AEDPA's one-year statute of limitations; thus, his alleged lack of access to the law library in 2005 and 2006 could not have caused him to miss this filing deadline.

Petitioner also contends that he was denied DDP assistance, which he should have received. As discussed above, petitioner was evaluated in 2002 and in 2004, and both times, psychologists determined that he did not qualify for DDP assistance. Reply Ex. B at 15, Ex. J at 1. Moreover, even if petitioner should have received DDP assistance, petitioner has not shown that the lack of DDP assistance was the reason he missed the filing deadline or that it rendered timely filing impossible. *See Ramirez v. Yates*, 571 F.3d at 997. Notably, DDP provides inmates who qualify with very limited assistance: library staff are only permitted to transcribe verbatim what DDP inmates say and are forbidden from helping them with legal research or otherwise providing any input. Opp'n Ex. 36 ¶ 3, Ex. 37 ¶¶ 6-7. Though petitioner has limited writing abilities, it is undisputed that he was able to write on his own and would consult a dictionary when he needed help with spelling. Reply Ex. B at 7, Ex. J at 2; Opp'n Ex. 30 ¶ 7. Thus, lack of DDP assistance – which was limited to transcription of verbal statements – did not cause him to miss the filing deadline, nor did it make timely filing impossible.

According to petitioner, prior to 2006, the unofficial practice in the law library had been to allow library clerks to assist other inmates with legal work so long as it did not interfere with the clerks' job duties. Opp'n at 23. Beginning in 2006, however, library clerks were ordered not to give any legal advice or assistance to other inmates. *Id.*; *see also* Opp'n Ex. 35 ¶ 9. Even if petitioner needed help from others to prepare legal documents, the alleged facts do not justify his untimeliness. Petitioner appears to concede that he was able to obtain assistance from others up until 2006, and this is supported by the numerous petitions he was able to file from 2000 to 2004. *See* Opp'n at 23; Reply Ex. F; Opp'n Ex. 13. His inability to obtain assistance from others beginning in 2006 could not have caused his failure to meet the May 12, 2004 deadline to file his federal habeas petition. Therefore, the court finds that petitioner's various complaints regarding lack of access to the law library and to assistance in preparing legal documents fail to provide a basis for equitable tolling.

ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY—No. C-08-01604 RMW
CCL                                           6

United States District Court
For the Northern District of California

### III. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (effective December 1, 2009). For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is denied.

### IV. ORDER

For the foregoing reasons, the motion to dismiss the petition for writ of habeas corpus as untimely is granted, and a certificate of appealability will not be issued.

DATED:      3/31/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1 **Notice of this document has been electronically sent to:**

2 **Counsel for Petitioner:**

3 Cynthia Chin Young Lie     cynthia_lie@fd.org

4

5 **Counsel for Respondent:**

6 Gregory A. Ott     gregory.ott@doj.ca.gov

7

8 Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

11 **Dated:**      3/31/10                                         CCL
                                                      **Chambers of Judge Whyte**

ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY—No. C-08-01604 RMW
CCL                                              8