UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DENNIS RAY BARNETT,<br><br>                Petitioner,<br><br>v.<br><br>MIKE KNOWLES, Warden,<br><br>                Respondent. | Case No. C-08-1604-RMW<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR HABEAS CORPUS**<br><br>[Re Docket No. 61] |

Petitioner Dennis Ray Barnett seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Barnett claims that he received ineffective assistance of counsel during his criminal trial, in violation of his rights guaranteed by the Sixth and Fourteenth Amendments. As explained below, his claims are procedurally barred, and therefore, the court denies the petition and grants the state's motion to dismiss.

## I. BACKGROUND

Barnett was convicted of second degree robbery and assault with a deadly weapon following a bench trial in San Francisco County Superior Court on June 5, 2000. State Ct. Judgment 1, Dkt. No. 61 Ex. A. Because of his previous felony convictions, Barnett was sentenced to forty-five years to life in prison. *Id.* at 2. He appealed, claiming ineffective assistance of counsel based on his

attorney's failure to raise the issue of his competency following his self-incriminating testimony at trial, in which he admitted to selling cocaine to a store security guard. *Id.* at 3.

The issue of Barnett's competency had previously been addressed in a six-day jury trial prior to Barnett's criminal trial. Psychiatric assessments found that Barnett was developmentally disabled, with reasoning skills "falling along the borderline or mildly retarded ranges." First Competency Report 5, Dkt. No. 66 Ex. 2; Second Competency Report 3, Dkt. No. 66 Ex. 3. In addition, Barnett was diagnosed with a psychotic disorder, either Schizoaffective Disorder or Schizophrenic Disorder. Second Competency Report 4-5. Barnett was deemed incompetent to stand trial and committed to a psychiatric facility for treatment. State Ct. Judgment 2. Upon completion of his treatment, however, the state court found him restored to competency and allowed the criminal trial to proceed. *Id.*

On December 6, 2002, the California Court of Appeal affirmed Barnett's conviction on the merits, concluding that the record did not demonstrate a substantial doubt about Barnett's competence at his criminal trial. *Id.* at 9. The California Supreme Court denied review on February 11, 2003. Denial of Review, Dkt. No. 61 Ex. B. On March 14, 2006, Barnett filed a state habeas petition with the help of other prison inmates in the Santa Clara County Superior Court. Opp'n 4, Dkt. No. 66. The court rejected the petition, noting that the Court of Appeal had already reviewed Barnett's ineffective assistance of counsel claim on the merits. Order Den. State Habeas Pet. 2-3, Dkt. No. 66 Ex. 11. Again, with the help of other inmates, Barnett then filed petitions with the California Court of Appeal and the California Supreme Court, raising the same ineffective assistance of counsel claim. Both these petitions were denied. State Pets., Dkt. No. 66 Exs. 12-13.

On March 2, 2008, Barnett filed a federal habeas petition with this court, asserting similar ineffective assistance of counsel claims. The state moved to dismiss the petition as being outside the one-year federal statute of limitations (*see* 28 U.S.C. § 2244(d)). The motion was granted and judgment entered on March 31, 2010. Order on First Mot. Dismiss, Dkt. No. 49. Barnett appealed. The Ninth Circuit, while agreeing that the federal statute of limitations had expired absent tolling, vacated this court's judgment and remanded for this court to consider equitable tolling of the statute of limitations due to Barnett's incompetence, in light of the Ninth Circuit's decision in *Bills v. Clark*,

628 F.3d 1092 (9th Cir. 2010), decided after the first motion to dismiss was granted. Memorandum, Dkt. No. 58. The state then filed the present motion to dismiss. Dkt. No. 61.

## II. ANALYSIS

In this second motion to dismiss, the state argues that Barnett's claim is procedurally barred because the California Supreme Court denied Barnett's state habeas claim for being untimely. If the claim is procedurally barred, the question of equitable tolling is moot. Barnett counters by arguing first, that the state waived the procedural bar defense by failing to raise it in the first motion to dismiss, and second, that his claim is not procedurally barred. He urges the court to consider the equitable tolling question as instructed on remand by the Ninth Circuit.

### A. Procedural Bar

Before considering a petitioner's habeas claims, the court must first consider whether those claims are procedurally barred. "[F]ederal habeas courts generally may not review a state court's denial of a state prisoner's federal constitutional claim if the state court's decision rests on a state procedural rule that is independent of the federal question and adequate." *Coleman v. Thompson*, 501 U.S. 722, 722-23 (1991). The procedural default doctrine bars federal habeas review "unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 724.

#### 1. Whether the state waived the procedural bar defense

Barnett argues that the state waived the procedural bar argument by failing to raise this defense in its first motion to dismiss. However, a state's failure to assert a procedural bar defense to a habeas claim in a motion to dismiss does not bar the state from raising the issue later. A party is required to raise every defense in its first responsive pleading, but a motion to dismiss is not a pleading. Fed. R. Civ. Pro. 7(a), 8(c); *see also Morrison v. Mahoney*, 399 F.3d 1042, 1046-47 (9th Cir. 2005). In habeas cases, "[u]nless a court has ordered otherwise, separate motions to dismiss may be filed asserting different affirmative defenses." *Morrison*, 399 F.3d at 1046. Barnett's argument that the state *could* have raised the procedural bar claim has no merit, because the state was not *required* to do so, and so has not waived the right to raise the issue now.

### 2. Whether Barnett's claims are procedurally barred

Barnett's claims are procedurally barred by the California Supreme Court's decision to deny state habeas review because Barnett's petition was untimely. The procedural bar precludes federal habeas review when the state court's denial of review was based on a petitioner's failure to meet an "independent and adequate" state procedural requirement. *Coleman*, 501 U.S. at 729-30.

Here, Barnett's petition was denied by the California Supreme Court with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998) (discussing the framework for California's timely filing requirement), indicating that Barnett had failed to meet the state's timely filing requirement. *See Walker v. Martin*, 131 S. Ct. 1120, 1124 (2011) ("California courts signal that a habeas petition is denied as untimely by citing the controlling decisions, i.e., *Clark* and *Robbins*."). California's "substantial delay" timeliness standard satisfies the "independent and adequate" requirement. *See Bennet v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003) (finding that California's timeliness standard is independent of federal law); *Walker*, 131 S. Ct. at 1131 (finding that California's timeliness standard is adequate). Therefore, Barnett is procedurally barred from seeking habeas review.

In addition, Barnett has not alleged either "good cause" for his delay or "prejudice" that would excuse the procedural bar. *See Schneider v. McDaniel*, 674 F.3d 1144, 1153 (9th Cir. 2012). A habeas petitioner can ordinarily show cause and prejudice only if some external objective factor prevented the petitioner from complying with the relevant procedural rule, and the petitioner was prejudiced as a result. *Id*. Mental illness, however, does not constitute "good cause" unless "the mental condition rendered the petitioner completely unable to comply with a state's procedures and he had no assistance." *See id.* at 1154-55; *see also Tacho v. Martinez*, 862 F.2d 1376, 1381 (establishing that mental illness is not cause to excuse a procedural default). Here, Barnett has not alleged complete inability to comply or no assistance. In fact, Barnett received help from other prison inmates in drafting his state petitions, Opp'n 4, which under *Tacho* constitutes "assistance." *Id.*

Therefore, the California Supreme Court denied Barnett's claims on independent and adequate procedural grounds, and because Barnett has not alleged good cause for his delay, the

ORDER GRANTING MOTION TO DISMISS
Case No. C-08-1604-RMW
SW/GH
- 4 -

procedural bar applies. *See Williams v. Walker*, 461 Fed. Appx. 550, 553 (9th Cir. 2011) ("The denial of habeas relief by the California Supreme Court on the ground that the application for relief was filed untimely is an independent and adequate state procedural ground requiring denial of subsequent habeas petitions in federal court."); *Vargas v. Brazelton*, No. C 12-0268, 2013 WL 244756, at *2-3 ("[C]ase law is clear that a citation to *Robbins* on the basis of timeliness is independent and adequate…[B]ecause petitioner has not established cause or prejudice for his default, he cannot overcome the bar.").

### 3. Whether Barnett's claim, raised on direct appeal, is before the court

Barnett argues that the procedural bar does not apply to one of his ineffective assistance of counsel claims (failure to re-raise the issue of his competency following his self-incriminating testimony at trial) because he timely presented this claim to the California Court of Appeal on *direct* review, even if he was untimely in filing his state habeas petitions. *See* California Court of Appeals Opinion 8, Dkt. No. 66-2. However, Barnett has not raised that ineffective assistance claim with *this* court.

At oral argument, Barnett argued that he raised the claim by attaching his state court habeas petition (where he did raise the claim) as Exhibit A-21 to his federal petition. *See* Dkt. 2-3 at 73. Barnett used the federal habeas form petition as the basis for his petition. On this form, he claims ineffective assistance of counsel "on several grounds," proceeds to list several specific grounds, and also writes "see attach [sic] extra paper." Petition 6, Dkt. No. 1. Attached to this form is another sixteen handwritten pages in which he more thoroughly describes his claims. The thirty pages, including the filled out form and these attached pages, constitute the bulk of his petition.[1] At two places in this thirty-page section of the petition, Barnett cites to the "attached or enclosed exhibits A through A-21." Dkt. No. 1 at 9, 16.[2] Exhibits A through A-21 contain roughly 350 pages of additional material detailing the procedural history of the case. *See generally*, Dkt. No. 2. Barnett argues that because he stated that his ineffective assistance of counsel claim was based on several

---

[1] Barnett's full petition is actually 99 pages and broken into three parts, but the first 30-page section (including the form and 16 handwritten pages) appears to be the heart of the petition with most of the rest being attached documents. *See* Dkt. Nos. 1, 1-1, 1-2.

[2] Barnett also includes a page, almost identical to page 9, in the second part of his petition that says the same thing. Dkt. No. 1-1 at 8.

grounds and wrote "see attach [sic] extra paper," with respect to that claim that he incorporated one of the claims in Exhibit A-21 because he cited to exhibits A through A-21 in the attached pages.

Barnett's theory of incorporation is too tenuous. Merely attaching a state habeas petition to his federal petition, without some evidence of intent to incorporate it as part of his claims is insufficient. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Barnett does indeed raise ineffective assistance of counsel claims "on several grounds," grounds which he proceeds to list immediately after that statement. In the attached "extra" pages, he goes on to describe these claims in detail, with specific references to individual exhibits; however, neither the claims he describes nor the specific exhibits he references include the claim he timely raised at the state level. *See* Pet. 6-9.

Rather, the citations to "exhibits A through A-21," which Barnett argues incorporate his claims from the state petition are clearly *not* intended to incorporate the claim in the state petition, but rather generally cite to the voluminous procedural history. He references "exhibits A through A-21" as part of his request to proceed in forma pauperis and as background to understand his other ineffective assistance of counsel claims. *See* Pet. 22; *see also* Dkt. 1 at 9, 22. It would go beyond liberal construction to take these references out of context and conclude that they were meant to raise additional claims, rather than simply reference the procedural history of the case, particularly given the specificity with which Barnett articulated his *other* ineffective assistance of counsel claims. *Cf. Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (rejecting the argument that a federal habeas claim was fairly presented to a state court where the state court needed to look beyond the petition to unincorporated attached documents to locate the federal claim).

Thus, the claim is not properly before this court, and Barnett's other claims are procedurally barred as discussed above.

**B. Equitable Tolling**

The Ninth Circuit remanded this case for this court to consider equitable tolling under the framework explained in *Bills v. Clark*. *Barnett v. Singh*, 510 F. App'x 574, 575 (9th Cir. 2013). In *Bills v. Clark*, the Ninth Circuit concluded that a petitioner's mental condition may constitute an

extraordinary circumstance that would justify tolling the federal limitations period. *Bills*, 628 F.3d at 1093.

The issue is moot, however, because Barnett's claim is procedurally barred, as discussed in the previous section. The standard for equitably tolling the federal limitations period is different from the standard for overcoming the state procedural default. *See Schneider*, 674 F.3d at 1154-55 (noting that a petitioner's mental condition can justify equitable tolling but at the same time fail to constitute "good cause" for procedural default). Therefore, even if Barnett were entitled to equitable tolling, his petition would still be barred.

### III. ORDER

For the foregoing reasons, the state's motion to dismiss is GRANTED. The court dismisses the petition because it is procedurally barred.

### IV. CERTIFICATE OF APPEALABILITY

For the same reasons discussed above, the court finds that Barnett has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability is DENIED.

Dated: July 22, 2013

RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO DISMISS
Case No. C-08-1604-RMW
SW/GH
- 7 -